## NOSSE v ROSE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided May 8, 1933

Locher, Green & Woods, Cleveland, for plaintiff in error.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant in error.

McGILL, J.

It is clear from the record that the court took the view that the bailee had no right to maintain an action against the third party causing the damage or injury to the automobile in possession of the plaintiff. An examination of the authorities discloses that the law is well settled that a bailee is entitled to the possession of the property and has a special right or property in the chattel to the extent that the bailee may maintain an action for injuries sustained to the property while in the possession of the bailee.

The rule is succinctly stated in Van Zile on Bailments and Carriers, paragraph 58, page 33, where it is stated:

"Bailee Against Third Parties—The bailee is entitled to the possession of the property. This is the very essence of his rights as a bailee; he therefore has a special right or property in the chattel to the extent of his bailment contract and can protect it against wrong-doers, loss or injury. Therefore, if the chattel be lost by a common carrier or innkeeper, or is injured or converted by a trespasser, the bailee may sustain an action for the property. In such cases the damages are not confined to the mere interest of the bailee, but in case of injury or loss of the property he may recover its full value, together with any special damage to him, and for all beyond his own interest he would be a trustee for the bailor or owner."

In 6 Corpus Juris, page 1166, under the heading of Bailments, appears the following:

"(Section 172) B. Actions Against Third Persons—1. In General. The bailor and the bailee both having an interest in the property, the same act of a third party may entitle either the bailor or the bailee to sue; but a recovery by either party of the entire damages to the property will be a full satisfaction and a bar to any subsequent suit by the other."

Again in 3 Ruling Case Law, paragraph 51, at page 129, it is said:

"Basis of Bailee's Right to Bring Suit.— As of course a bailee does not have the legal title to the property bailed, and as he is no longer answerable to his bailor for the loss of goods occurring without his fault, his right to maintain an action for the loss thereof or injury thereto is based, nowadays at least, on his actual possession or right of possession of the goods at the time of the trespass."

In the case of Little v Fossett, 34 Maine Reports 545 (1852) the plaintiff was driving a horse hitched to a wagon which plaintiff had hired from a Dr. Clark. The defendant negligently drove against the wagon causing damage and injury. An action of tres-

pass was brought by the bailee. It is said by Appleton, J.:

"The law seems to be well settled that the bailee of personal property may recover compensation for any conversion of or any injury to the article bailed while in his possession. The longer or shorter period of such bailment, the greater or lesser amount of compensation—and whether such amount is a matter of special contract or is a legal implication from the beneficial enjoyment of the loan, do not seem to affect the question."

In the case of United States v Atlantic Coast Line Ry. Co., 206 Federal Reporter, 190 (1913), at page 202, it is said by Connor, District Judge:

"The right of action against the trespasser, or one who converts the property, was given the bailee by the ancient common law because he was answerable over to the owner, and for the further reason that, in possessory actions for the recovery of chattels, the owner, not having, during the continuance of the bailment, a right to the possession, could not sue for their conversion. For an interesting history of the common law on the subject, see Pollock and Maitland, History of the English Law, vol. 2, c 4 §7, p. 169; Holmes, Common Law, 175. Mr. Bevin says:

'Both the bailor and bailee may maintain an action against a stranger for an injury to, or conversion of, the bailment—the bailor, by virtue of his general property; the bailee, by virtue of his special property and actual possession. This right of action is limited by the interest of the bailee in the bailment. 2 Neg. 733.'

"He gives an interesting review of the development of the law on the subject:

'Whatever conflict may be found in the decided cases, and the reasons assigned by the courts and writers, it seems to be settled, at this time, that the bailee, although not liable to the owner, may sue a third party, who has either injured or converted the property, and recover its full value or the full amount of the damage sustained. The damage sustained to his special property he recovers for his own use, and the remainder for the use, or in trust for, the owner. Bevin, Neg. 737, citing White v Webb, 15 Conn. 302'."

Again it is said by Connors, District Judge, at page 203:

"The Code of Civil Procedure of North Carolina requires that every action must be prosecuted by 'the real party in interest.' C.C.P., 177. So it is held, by the courts of this state, that one, not a party to a contract, but who is a beneficiary thereof, may maintain an action in his own name on the contract. Gorrell v Water Supply Co., 124 N. C., 328, 32 SE, 720, 46 L.R.A., 513, 70 Am. St. Rep., 598."

Sec 11241 GC contains a similar provision:

In the case of Brewster v Warner, etc., 136 Mass. Reports, 57, (1883), the plaintiff hired a horse and carriage. The servant of the defendants negligently drove against the carriage in which the plaintiff was driving and injured it. The action was brought by the bailee. It is said by Holmes, J, at page 58:

"The modern cases follow the ancient rule, that a bailee can recover against a stranger for taking chattels from his possession. Shaw v Kaler, 106 Mass., 448. Swire v Leach, 18 C.B. (N.S.), 479. See Year Book 48 Edw. III. 20 pl. 8; 20 H. VII. 5 pl. 15; 2 Roll. Abr. 569, Trespass, P. pl. 5; Nicolls v Bastard, 2 Cr., M., & R. 659, 660. And as the bailee is no longer answerable to his bailor for the loss of goods without his fault, his right to recover must stand upon his possession, in these days at least, if it has not always done so. But possession is as much protected against one form of trespass as another, and will support an action for damage to property, as well as one for wrongfully taking or destroying it. No distinction has been recognized by the decisions. Booth v Wilson, 1 B. & Ald. 59. Croft v Alison, 4 B. & Ald., 590. Johnson v Holyoke, 105 Mass. 80. The ruling requested was obviously wrong, as it denied all right of action to the plaintiff, and was not confined to the quantum of damages."

In the case at bar the Court of Common Pleas denied all right of action to the plaintiff.

See also: Woodman v Nottingham, 49 N. H. Rep., 387, (1870); Faulkner v Brown, 13 Wendell's Reports, 63, (1834); Littlefield v Inhabitants of Biddeford, 29 Maine Rep., 310, (1849); Knight v Davis Carriage Company, 71 Federal Reporter, 662 (1896); Volume II Street's Foundation of Legal Liability, pages 314 to 319.

In view of the law permitting a recovery by a bailee, it is apparent that the court below erred in excluding evidence offered

to show the bailment, and in refusing plaintiff the right to amend to conform to the evidence.

Some question has been raised to the effect that the bill of exceptions does not contain all of the evidence in this case. It is to be noted that the error of the court in excluding this evidence is clearly apparent from the bill of exceptions.

**Sec 11562 GC** provides as follows:

"How Exception Stated—No particular form of exception is required. The exception must be stated, with the facts, or so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible."

The rules of the Court of Appeals of Ohio as to Bills of Exceptions provide:

"Only so much of the evidence shall be embraced in a bill of exceptions as may be necessary to present clearly the questions of law and fact involved in the rulings to which exceptions are reserved, and such evidence as is embraced therein shall be set forth in condensed and narrative form, save that if either party desires it, or the court or judge so directs any part or all of the evidence shall be reproduced verbatim."

Clearly, enough of the evidence is disclosed in this bill of exceptions to show the error and the exceptions taken thereto. As to the objection by the defendant in the trial that the bailment must be set forth in the pleading, it is to be observed that the plaintiff asked leave to amend to conform to the evidence. The court would not permit the amendment nor allow any evidence with respect to the bailment. This, in our opinion, is clearly prejudicial error.

The question of contributory negligence under the evidence was a question for the jury. The evidence of the plaintiff as to the manner of his driving and the circumstances of the collision are contained in the bill of exceptions, which the court signed and allowed, after objections were filed. A perusal of this evidence shows that, in accordance with the plaintiff's version, no charge of contributory negligence could be attributed to him as a matter of law.

Accordingly, this court is of the opinion that the court below erred in granting the motion for a directed verdict and in the exclusion of evidence offered as to the bailment, and for these reasons the judgment is reversed and the cause remanded for further proceedings according to law, to all of which defendant in error excepts.

LEVINE, J, concurs in judgment.
LIEGHLEY, PJ, dissents on the authority of **Regan, Admx. v McHugh**, 78 Oh St, 326.