## PEITSMEYER, APPELLANT, *v.* OMAR BAKING CO., APPELLEE, ET AL.

(No. 4799—Decided October 17, 1952.)

*Mr. John C. Duffy* and *Mr. Edward F. Lynch,* for appellant.

*Messrs. Ingalls & Jones,* for appellees.

HORNBECK, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court

entered on the verdict of a jury which found against the plaintiff on her amended petition and against the defendant Omar Baking Company on its cross-petition.

The amended petition of plaintiff contained two causes of action. The first cause of action was for personal injuries claimed to have been suffered by plaintiff in an automobile accident. The second cause of action was for damage to the automobile, which was not owned by the plaintiff.

The amended petition charged the defendants with joint negligence, and they answered jointly. The defendant Omar Baking Company filed a cross-petition in which it sought to recover for damage to its truck by reason of the negligence of plaintiff. The accident occurred at the intersection of Kossuth street and Heyl avenue in the city of Columbus. The plaintiff was driving a 1940 Dodge coupe, alleged to have been owned by her husband, and being used by her with his knowledge and consent. She was driving in a westerly direction on Kossuth street. The defendant O'Brien was operating a truck owned by the defendant baking company in a northerly direction on Heyl avenue. The cars collided in the intersection of the two streets.

Plaintiff's specifications of negligence were that the defendants did not keep a lookout ahead, that they failed to yield the right of way to plaintiff, and that they failed to have their automobile under control. The defendants answered, denying any negligence and specifically denying that the truck ran into and collided with the automobile driven by plaintiff. The answer alleges that the collision was caused by the sole negligence of plaintiff in that, after defendant O'Brien had approached the intersection and had stopped the truck, plaintiff drove her car into the truck. It is alleged further that, immediately after the accident, plaintiff acknowledged that it was caused by her sole

negligence and signed a statement to that effect. The cross-petition was predicated upon the claim that the plaintiff drove her car onto the south side of Kossuth street, and while proceeding in a westerly direction, crashed into the right front fender of defendant's truck; that plaintiff did not keep a lookout ahead; that she failed to stop or turn her vehicle aside so as to avoid running into defendant's truck; and that she failed to have her automobile under control. The reply consisted of a denial of sole negligence or of any negligence, a denial that plaintiff admitted her negligence was the cause of the collision, and a general denial of the allegations of the cross-petition.

Upon the issues thus drawn, the cause came on to trial. Plaintiff called defendant O'Brien to testify as if under cross-examination. After preliminary questions, these questions were put and answers made:

"Q. Whom are you employed with at present? A. Omar Bakery.

"Q. I'll ask you if you were so employed by Omar on March 15, 1950? A. I was.

"Q. And as an employee of Omar Baking Company in March, on March 15th, what were your duties? A. Driver-salesman. I had * * *"

Thereupon counsel for defendants moved to require plaintiff to make an election as to which party she would proceed against. The court sustained the motion, to which plaintiff excepted. The trial court, on motion of defendants, also dismissed plaintiff's second cause of action for property damage to the automobile. Before argument, counsel for plaintiff tendered certain instructions which plaintiff requested the court to give to the jury.

Plaintiff's special instruction No. 3 is as follows:

"I charge you, members of the jury, that plaintiff, Joan Peitsmeyer, as she proceeded in a westerly direction on Kossuth street in a lawful manner, had a

right to assume, in the absence of knowledge to the contrary, that all northbound vehicles on Heyl avenue, including the truck of the Omar Baking Company, would yield the right of way to her.''

Plaintiff's special instruction No. 5 is:

''I charge you, members of the jury, as a matter of law that if you find from a preponderance of the evidence that plaintiff had no operator's or driver's license, then as a matter of law, I charge you that the mere fact that plaintiff had no driver's license at the time of this accident, will not bar her right of action herein unless such violation of the law was an efficient cause of the injury.''

The court, in its general charge to the jury, said:

''The lawmaking body of the Legislature of Ohio has enacted what is known as the Uniform Traffic Code, and Section 6307-40 of [the] General Code provides in part: 'Right-of-way at Intersection: Excepting where otherwise provided, the operator of a vehicle, streetcar or trackless trolley shall yield the right-of-way at an intersection to a vehicle, streetcar or trackless trolley approaching from the right.' And, also, the Legislature of Ohio has defined right-of-way in this language: 'The right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path.' The General Code further provides that the right-of-way to a vehicle approaching from the right that to proceed uninterruptedly it must proceed in a lawful manner.

''Now, members of the jury, if you find from the evidence in this case that either the plaintiff or defendant or both, in the operation of their vehicles at the time and place in question violated any of the foregoing requirements, which violation or failure to operate under the regulations constitutes negligence

on the part of that party or both parties, as the case may be, who is guilty of such violation?''

After verdict and judgment, plaintiff filed a motion for a new trial, in which the grounds were substantially the same as those set up in the assignments of error in this court.

Plaintiff, appellant herein, assigns eight grounds of error which we will state specifically as we consider them.

The first assignment of error is that the court erred in ordering plaintiff to elect against whom she would proceed in the midst of the examination as if under cross-examination of defendant O'Brien, the first witness.

The trial court, in our opinion, was premature in sustaining defendants' motion to require plaintiff to elect at the time the motion was made for two reasons: First, the defendant O'Brien having been called to testify as if under cross-examination by plaintiff, the answers made by him were not binding upon the plaintiff. Thus, his statements, if construed to mean that he was an employee of the baking company and on his master's business when the collision occurred, were self-serving as to himself. Second, although the answer was to the effect that O'Brien was in the employ of the baking company as a driver-salesman on the date of the collision, it was not sufficient to establish that at the time of the collision he was so acting.

However, an examination of the record discloses no evidence admitted or proffered, the effect of which would tend to establish joint liability of defendants. Then, too, as pointed out by the trial court, the jury, by its verdict, found that the defendant baking company was not liable and, manifestly, no other result could have been reached if defendant O'Brien had been retained as a party defendant.

Upon the whole record, although the action of the

trial judge in sustaining the motion was erroneous, it was not prejudicial to the plaintiff.

The second assignment is that the court erred in dismissing the second cause of action. This cause of action was based upon the proposition that plaintiff, the wife of the owner of the car, while using it with the consent of her husband was a gratuitous bailee and, as such, had the right to maintain an action for property damages to the car.

It was stipulated that plaintiff's husband was the owner of the automobile driven by the plaintiff at the time of the collision and that he held the certificate of title. The court held that as her husband owned the car she could not maintain an action for property damage by reason of Section 6290-4, General Code; and that the plaintiff was attempting to assert a right, title, claim or interest in the motor vehicle which she was precluded from asserting by the language of that section and by the adjudication in *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342.

As to the third assignment of error, counsel for plaintiff insist that at common law the plaintiff could have maintained her second cause of action and that the cited section has not changed the rule.

Plaintiff and her husband testified that at the time of the collision she was driving the car with the consent of her husband, the owner. This constituted the relationship of bailor and bailee. *Nosse* v. *Rose,* 45 Ohio App., 54, 186 N. E., 622; *Eaton* v. *Schild* (N. J.), 149 A., 637; *Wolf* v. *Sulik,* 93 Conn., 431, 106 A., 443, 4 A. L. R., 356. Upon the authority of those cases and 8 Corpus Juris Secundum, 375, she could maintain an action for damages to her husband's automobile unless the section upon which counsel and the trial court relied abrogated this right.

Counsel have cited no Ohio cases in point nor have

we found any upon original investigation. The defendant baking company, appellee herein, cites 'and relies upon *Mielke* v. *Leeberson, supra.* The syllabus of that case is:

"Under the plain and unambiguous language of Section 6290-4, General Code, a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle, without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the Certificate of Title Law, and any other evidence of ownership is not of sufficient weight to sustain ·a verdict or judgment where title must be proved as a condition precedent for the validity of such verdict or judgment."

In the instant case the plaintiff was not required to establish title to the automobile to maintain her action as bailee. Title, admittedly, was in her husband, and she proved his title as the basis of establishing the relation of bailor and bailee. The interest of the plaintiff was merely a possessory right. We hesitate to hold that before a bailee can assert any rights which have long been recognized, he must hold a certificate of title to an automobile, the subject of the bailment. Then, too, Section 6290-4, General Code, in addition to that part referred to in the syllabus of the *Mielke case,* continues:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, *hereafter sold or disposed of, or mortgaged or encumbered,* unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter." (Italics supplied.)

The right of the plaintiff, if it is held to be an interest in the automobile of her husband, does not relate to any transaction included in the subject matter underscored. Here, the plaintiff was asserting no right,

title, or claim against the owner for the purposes of this action. She had the right to proceed even as the owner could have proceeded. In the *Mielke case*, the the certificate-of-title owner of the car was asserting a claim against the defendant.

Quite recently the Court of Appeals for Summit county, in *Douglas* v. *Hubbard*, 91 Ohio App., 200, 107 N. E. (2d), 884, held that Section 6290-4, General Code, does not preclude the establishment of a valid purchase money resulting trust, in which a motor vehicle constitutes the trust *res*. In that case, the trial court reversed a judgment which denied the right of the equitable owner to have legal title transferred to him from his trustee who held the certificate of title. The court concluded that it was not the intention of the Legislature when it enacted the Certificate of Title Law to remove from the law of trusts that species of personal property known as motor vehicles, so that under no circumstances could the legal title, as evidenced by a certificate of title, be in one person and the beneficial interest remain in another.

What of mechanics' and other laborers' liens on automobiles which they have enhanced in value by their services, and warehousemen's liens for storage of automobiles when they have retained possession? Must they produce a certificate of title before they can assert such claims?

The syllabus in the *Mielke case*, at the end thereof, confines the application of the language of Section 6290-4, General Code, to actions "where title must be proved as a condition precedent for the validity of such verdict or judgment." In the instant case, the only title that was involved was that of the owner, which became pertinent only to establish that the plaintiff, possessing the automobile by the authority of the owner, was a bailee. Section 6290-4, General Code, does not preclude the plaintiff from maintaining her second cause of action.

Assignment of error No. 4 is that the court erred in holding that plaintiff, as bailee, cannot maintain an action for damage to her husband's automobile while in her possession. Our discussion of assignment No. 3 disposes of this question. We hold that *Nosse* v. *Rose, supra,* states the controlling law and we invite careful consideration of this opinion which is well considered and which cites and comments on many persuasive authorities.

The fifth error assigned is that the verdict is not sustained by any evidence and is contrary to law. We hold against the contention of the plaintiff on this assignment.

Assignment No. 6 is that the court erred in refusing to give plaintiff's special instructions before argument Nos. 3 and 5. We have hereinbefore quoted these charges. No. 3 was properly refused because it assumed, as a matter of law, that plaintiff was proceeding in a westerly direction on Kossuth street and in a lawful manner. Whether plaintiff was so proceeding was a factual question for the jury.

The court did not err to the prejudice of the plaintiff in refusing to give special instruction No. 5. The trial judge gave plaintiff's request No. 4 which correctly and fully states the law on the subject matter of special charge No. 5, and the plaintiff has no cause for complaint in the refusal to give also her special charge No. 5.

Assignment of error No. 7 is that the court erred in that part of its general charge which we have heretofore quoted. Although the charge is not as complete or as definite as it could have been presented to the jury, we cannot hold that there was any error of commission in the language employed. It is contended by plaintiff that the court implied that she lost her preferential right of way when she moved beyond the center of Heyl avenue because of the jog in the intersection

as Kossuth street crosses Heyl to the west. We do not so read the charge, although from the observation of the trial court in passing on the motion for new trial, it appears that he was of the opinion which appellant imputes to him respecting the loss of the right-of-way to plaintiff.

Upon this question of right-of-way, as it relates to the test whether plaintiff was proceeding in a lawful manner as she moved across the intersection and into Kossuth street west of Heyl avenue, we are cited to *Gratziano* v. *Grady,* 83 Ohio App., 265, 78 N. E. (2d), 767, a decision by this court. The syllabus of that case must be read in the light of facts appearing therein in an agreed statement of facts. Among other facts, this appears: "* * * that the defendant entered said intersection, started to make a left-hand turn to go east on Spruce street; that said automobiles collided in said intersection." It will be noted that it was stipulated that the defendant was making a left-hand turn.

As we read the general charge, no obligation was placed on plaintiff to signal her purpose to turn into Kossuth street to the west because she was changing her direction.

We have found that the trial court erred as set up in assignments of error Nos. 2, 3 and 4, but, upon the verdict as returned, we cannot say that the error was prejudicial to plaintiff.

The jury found for the defendant on plaintiff's first cause of action. It is manifest that it would have returned no different verdict had the second cause of action been submitted.

The court did not err as to the eighth error assigned —that of overruling plaintiff's motion for a new trial.

The judgment will be affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.