Per Curiam.

There is no admission in the record as to the ownership of the automobile, and plaintiff failed to offer in evidence any certificate of title or manufacturer’s or importer’s certificate. Plaintiff contends that, since he was in possession of the automobile, his right to sue and recover for damage to it was not a right that hinged upon proof of title; and that, as apparently held in Pietmeyer v. Omar Baking Co., 95 Ohio App., 37, 117 N. E. (2d), 184, the possessory right of the driver of an automobile is sufficient to furnish a right to recover for damages to it. However, since the enactment of Section 4505.04, Revised Code, the mere possession of an automobile no longer carries with it any right or interest in that automobile which a court can recognize.
*91 The judgment of the Court of Appeals is reversed and final judgment is rendered for defendant under authority of Mielke v. Leeberson, 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.