HOEGLER, Appellant,

v.

HAMPER, Appellee.

[Cite as *Hoegler v. Hamper* (1992), 79 Ohio App.3d 280.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60226.

Decided April 20, 1992.

*Edwin V. Hargate,* for appellant Robert Hoegler.

*Robert Winston,* for appellee Debbie Hamper.

NAHRA, Judge.

The car plaintiff was driving collided with defendant's car after defendant had lost control of her car and skidded into the traffic lane in which plaintiff was travelling, causing $1,079.18 in damage.

Plaintiff sued defendant for this amount and defendant counterclaimed for her damages. The trial court found defendant to be negligent and plaintiff not to be negligent. However, the trial court held that plaintiff was not entitled to recovery since his father was the owner of the car. Plaintiff appeals and assigns two errors for review:

"I. The trial court erred in denying plaintiff-appellant's claim for money damages as a result of the negligence of defendant-appellee since the Ohio courts have clearly held that Ohio Revised Code Section 4505.04 does not apply to motor vehicle accident cases.

"II. The trial court erred in holding as a matter of law that only the titled owner and not the plaintiff-appellant can recover damages resulting from a motor vehicle accident when evidence is presented that plaintiff-appellant had sole possession of the vehicle and was solely responsible for the payment of the cost of repairs to the vehicle."

 Hoegler contends that the trial court erred in denying his claim for money damages. He asserts that R.C. 4505.04 only applies to situations in which parties are contesting the ownership of a motor vehicle.

R.C. 4505.04 states in pertinent part:

"(B) * * * *no court shall recognize the right,* title, claim, or interest *of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered,* unless evidenced:

"(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title, cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.19 of the Revised Code;

"(2) By admission in the pleadings or stipulation of the parties[.]" (Emphasis added.)

■ R.C. 4505.04 applies to civil cases in which two or more parties contest an ownership interest in motor vehicles. *State v. Rhodes* (1982), 2 Ohio St.3d 74, 75, 2 OBR 629, 630, 442 N.E.2d 1299, 1300. In such cases, a certificate of title is required where a plaintiff asserts a right in a motor vehicle and where a defendant's defense or claim is based on an interest in the same automobile. However, the statute's purpose terminates when the defense is not based upon some claimed right, title, or interest in the same automobile. *Grogan Chrysler–Plymouth, Inc. v. Gottfried* (1978), 59 Ohio App.2d 91, 95, 13 O.O.3d 154, 156, 392 N.E.2d 1283, 1286. In addition, the Ohio Supreme Court has recently interpreted R.C. 4505.04 to be limited to actions involving "importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership." *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 153, 524 N.E.2d 507, 509. Here, R.C. 4505.04 is inapplicable because the parties did not assert competing claims to the same motor vehicle.

■ We also find ample evidence that a bailment existed between Arthur Hoegler, plaintiff's father, and Robert Hoegler. Robert Hoegler testified that his father had consented to his exclusive use of the car. His father testified to the same effect. As bailee, Robert Hoegler could properly bring an action for money damages as a result of the accident in which he was operating the automobile in question. *Peitsmeyer v. Omar Co.* (1952), 95 Ohio App. 37, 52 O.O. 390, 117 N.E.2d 184. Appellant's assignments of error are sustained.

Accordingly, the judgment of the trial court is reversed and judgment is entered in favor of appellant. In view of the trial court's finding that appellee was negligent, we enter judgment for appellant in the sum of $1,079.18.

*Judgment reversed.*

DYKE, P.J., and PATTON, J., concur.