OPINION
Defendant-appellant Robert Marks appeals from a judgment for plaintiff-appellee Roberta Marshall on her replevin claim concerning a 1995 Corvette, and against him on his counterclaim for unjust enrichment. We reject Marks' claim that Marshall failed to prove that she had clear title to the Corvette. We also agree with the trial court that Marks failed to prove either that Marshall received an undue benefit, or that he was subjected to an undue burden, both of which are essential elements to a claim of unjust enrichment, considering that Marks enjoyed the exclusive possession of the Corvette, while paying less than $350 per month for the privilege. Consequently, the judgment of the trial court is Affirmed.
 I
In 1996, Marshall leased a 1995 Chevrolet Corvette from Star Bank for two years, for the benefit of Marks. Marks took immediate possession of the vehicle. After the expiration of the lease, Marks was unable to finance the purchase of the car. Therefore, he and Marshall agreed that she would finance the purchase of the vehicle, take title, and permit Marks to maintain possession, provided that he make all necessary payments on the vehicle.
In October, 2000, Marshall filed a complaint in replevin to recover the vehicle. She alleged that Marks had made late payments on the car requiring her to make some of the payments. Marks filed an answer and counterclaim. The counterclaim alleged that Marks was entitled, on the basis of a claim of unjust enrichment, to recover all payments made by him toward the loan on the car.
The matter was tried before the count. At trial, the parties stipulated that Marks had made payments totaling $8,309.91 toward the loan, while Marshall had paid $6,220.56. They also stipulated that one payment was made for which neither party had a receipt. The stipulation regarding the payment history showed that Marks did not make any payments on the vehicle loan for a period of seven months from July, 1999, through February, 2000.
Marks admitted in his testimony at trial that he had assumed the obligation to make the payments on the car. He also testified that because he did not ask Marshall to make any payments, he considered some of the payments made by Marshall to be gifts. Marks also produced a notarized statement signed by Marshall regarding the vehicle, in which she stated, in part, as follows:
 That the real and true "owner" of said vehicle is Mr. Ronald E. Marks. Mr. Marks is responsible for the care and maintenance of the vehicle, insurance and monthly payments * * *
 Additionally, Mr. Marks has the full power and authority of the "titled owner", Roberta J. Marshall * * * to complete any and all legal transactions; including, but not limited to, licensing of the vehicle. * * *
Marshall testified that the notarized statement was signed at Marks' request and was merely intended to aid him in licensing the vehicle. She also testified that when Marks failed to make payments on the vehicle, she started receiving notices from the bank, prompting her to make payments in order to avoid damaging her credit history. She further testified that Marks had failed to maintain insurance coverage on the vehicle with the result she had to pay to reinstate the insurance and also had to make some of the insurance payments. Finally, she testified that none of the payments she made were intended as gifts, but were merely made to avoid damaging her credit.
The trial court granted replevin to Marshall. It also found that Marks failed to support his claim of unjust enrichment. The trial court found that "the amounts paid by [Marks] during his use of this particular vehicle do not appear to be excessive given his unfettered use of the vehicle, not much different than a lease of a vehicle would experience when the lease is over." Marks appeals from the judgment against him.
 II
Marks' First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FINDING THAT ROBERTA J. MARSHALL WAS ENTITLED TO REPLEVIN OF THE MOTOR VEHICLE.
Marks contends that because he had a competing right to the car, the trial court erred by granting replevin to Marshall. Marks contends that his right to possession of the car bars Marshall's claim. He argues that the notarized statement signed by Marshall evidences this right, and that Marshall is therefore estopped from seeking replevin. He also argues that by having failed to take legal action until October, 2000, Marshall has waived any breach arising from his failure to make payments.
"A writ of replevin is a remedy that enforces a legal right" to property. Kreuzer v. Scott (Mar. 8, 1995), Montgomery App. No. 14840, unreported. The essence of an action in replevin is that the owner of property is entitled to recover that property from someone who has actual or constructive possession thereof. 19 Ohio Jurisprudence 3d (2001) 8-9, Conversion and Replevin, §§ 48 and 50. The plaintiff's right to the property must be absolute; if the defendant has a competing interest, the plaintiff is not entitled to the writ. Id.
In this case, the trial court determined that Marshall's ownership interest in the vehicle was absolute, and that Marks did not have a valid competing interest in the automobile. In reviewing the propriety of the judgment of the trial court, we are asked to determine Marshall's interest in the vehicle, and whether Marks had a competing interest.
With regard to evidence of ownership of automobiles, R.C. 4505.04
provides, in pertinent part, as follows:
 (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim or interest in the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or delivered to the person a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to or the manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
 (B) * * * no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 (1) By a certificate of title, a manufacturer's or importer's certificate, * * *;
 (2) By admission in the pleadings or stipulation of the parties;
 (3) In an action by a secured party to enforce a security interest perfected under sections 1309.01 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest.
"The purpose of the Certificate of Title Act is to prevent the importation of stolen motor vehicles, to protect Ohio bona-fide purchasers against thieves and wrongdoers, and to create an instrument evidencing title to, and ownership of, motor vehicles." Hughes v. Al Green, Inc. (1981), 65 Ohio St.2d 110, 115-116, citations omitted. R.C.4505.04 has been interpreted to be limited to actions involving "importation of vehicles, rights as between lienholders, rights of bona-fide purchasers, and instruments evidencing title and ownership." Smith v. Nationwide Mut. Ins. Co. (1988), 37 Ohio St.3d 150, 153. "R.C.4505.04 was intended to apply to litigation where the parties were rival claimants to title, i.e., ownership of the automobile; to contests between the alleged owner and lien claimants; to litigation between the owner holding the valid certificate of title and one holding a stolen, forged or otherwise invalidly issued certificate of title; and to similar situations." Hughes, supra. "R.C. 4505.04 applies to civil cases in which two or more parties contest an ownership interest in motor vehicles." Hoegler v. Hamper (1992), 79 Ohio App.3d 280, 283, citation omitted. "In such cases, a certificate of title is required where a plaintiff asserts a right in a motor vehicle and where a defendant's defense or claim is based on an interest in the same automobile." Id. "However, the statute's purpose terminates when the defense is not based upon some claimed right, title, or interest in the same automobile." Id., citation omitted.
Marks does not claim an ownership interest in the Corvette; nor could he, since the Certificate of Title Act establishes Marshall's clear title to the car.
Marks argues that he has a competing right to possession, and that ownership is irrelevant to this case. We find this argument unpersuasive. Moreover, Marshall cites no authority, and we can find none, to support his proposition that a mere possessory interest, derived from a conditional agreement with the owner wherein the condition — the making of purchase money installment loan repayments to the bank — has failed, can be deemed to constitute a competing ownership interest sufficient to defeat a replevin claim.
Under the terms of his agreement with Marshall, Marks was to have possession and use of the Corvette only for so long as he made the loan payments. It is undisputed that he missed numerous payments and that other payments were untimely made. Therefore, he breached the terms of the agreement and lost his right to possession of the vehicle.[1]
We conclude that the trial court correctly found that Marshall has a clear ownership right to the car, rendering improper Marks' continuing possession and detention of the car. Moreover, Marks' claims of waiver and estoppel are ineffective in light of the clear language of R.C. 4505.04(A). Accordingly, the trial court did not err in granting replevin.
The First Assignment of Error is overruled.
 III
Marks' Second Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN FINDING IN FAVOR OF PLAINTIFF ON DEFENDANT'S COUNTERCLAIM.
Marks contends that the trial court erred by failing to find for him on his claim for recovery of amounts paid by him on the loan. He argues that because Marshall failed to submit any proof regarding the reasonable value of the use of the car, the trial court should have found in favor of him on his claim.
"Unjust enrichment occurs when one party confers some benefit upon another without receiving just compensation for the reasonable value of the services rendered." Sammarco v. Anthem Inx. Cos., Inc. (1998),131 Ohio App.3d 544, 557.
In this case, it is undisputed that Marshall and Marks entered into an agreement in which Marshall would finance the purchase of a car and give Marks possession thereof, provided that Marks made all the payments on the loan and provided for all other necessary costs. Marks failed to comply with his obligations, as a result of which, Marshall was required to make payments on a car that she was not using. Marks had the exclusive use of the Corvette until the time of the trial court's judgment. Essentially, he paid less than $350 per month ($8,300 divided by 24 months) for a Corvette of which he had the exclusive use for two years.
We begin by noting that Marks' argument suggests that because he proved that he made payments on the vehicle, and because Marshall failed to prove that the reasonable value of the use of the car equaled the sum of his payments, he is entitled to judgment on his claim for unjust enrichment. This argument is unsound because it assumes that Marshall bears the burden of proof with regard to Marks' counterclaim. To the contrary, since Marks contends that Marshall was unjustly benefited by his payments, he bears the burden of proving that his payments exceeded the value of the use of the car.
The transcript reveals a complete failure by Marks to establish his claim of unjust enrichment. Because there was no evidentiary showing that it would be unjust for Marshall to retain the benefit of the payments made by Marks, and because Marks did receive the agreed-upon benefit, i.e., the use of the car, he has failed to prove either that Marshall received an undue benefit, or that he was subjected to an undue burden, both of which are required to establish a claim for unjust enrichment. Fairfield Ready Mix v. Walnut Hills Associates, Ltd. (1988),60 Ohio App.3d 1, 3. Marks did not produce competent, credible evidence going to all the essential elements of his claim of unjust enrichment, which was his burden as the counter-claimant.
 IV
Both of Marks' assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, J.J., concur.
[1] We note that the trial court explicitly found that Marks breached the terms of the agreement, and that Marks has not challenged that finding in this appeal.