ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiffs-appellants State Auto Insurance Companies ("State Auto") and Helen Yeager McClundin ("Helen") (collectively referred to as "plaintiffs") appeal from a decision of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of defendantappellee Dennis Troll ("Dennis") on their losses arising out of a car fire in Helen's garage. For the following reasons, we reverse and remand.
 {¶ 3} A review of the record reveals the following: In March 1997, Dennis sold a 1971 Chevrolet Vega "pro stock" race car to Michael McClundin ("Michael") for $15,000. Although there are no documents associated with the sale, the payment came from a check drawn from Helen's bank account. Helen was not married to Michael at the time of this sale. Michael had the vehicle titled in his name and kept the car in Helen's garage where he immediately began modifying it so that he could use it in drag races.
 {¶ 4} On March 19, 1997, two weeks after Michael purchased the car, it caught fire while Michael was performing a tune up on it. The fire caused severe damage to Helen's house, garage, and another car parked in the garage. Shortly thereafter, Helen filed a claim for damages to her home under her State Auto homeowner's policy and ultimately received $72,366.64.
 {¶ 5} On March 19, 2001, State Auto, claiming a subrogation interest, filed a complaint against Dennis for negligence and breach of warranty. State Auto also named Helen as an involuntary plaintiff asserting, on her behalf, a prayer for her $250 deductible under the policy.
 {¶ 6} On November 23, 2003, Dennis filed a motion for summary judgment claiming that plaintiffs do not have standing to bring this cause of action because Helen did not own the vehicle and cannot recover for any losses as a result of the fire to the car. Dennis also asserted that plaintiffs failed to preserve evidence, since the vehicle was dismantled and its parts sold before he had the opportunity to examine the vehicle after the fire. In response, Michael filed an affidavit disclaiming any interest in the car, and asserting that, since Helen paid for the car, it was her property. On February 12, 2004, the trial court granted Dennis' motion for summary judgment without opinion.
 {¶ 7} It is from this judgment that plaintiffs now appeal and raise one assignment of error for our review.
 {¶ 8} "I. The trial court erred, as a matter of law, by granting defendant's motion for summary judgment on the issue of ownership."
 {¶ 9} In this assignment of error, plaintiffs argue that the trial court erred in granting Dennis' motion for summary judgment because there are questions as to whether Helen actually owned the vehicle, was in privity of contract with Dennis, and was therefore entitled to recover from him.
 {¶ 10} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 11} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 12} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 13} After a review of the facts, we conclude that the trial court improperly granted summary judgment in favor of Dennis. First, Helen need not prove that she is the titled owner of the 1971 Vega in order to recover for the damages to it. There are no competing claims to the ownership of the car. Indeed, Michael, the only other person who could have claimed ownership, has abandoned any claim he may have in favor of Helen. R.C. 4505.04 does not require proof of title ownership to recover for damage to a vehicle under these circumstances. See e.g., Williams v.Chudner (Oct. 22, 1998), Cuyahoga App. No. 73145; Hoegler v. Hamper
(1992), 79 Ohio App.3d 280, 282.
 {¶ 14} The mere fact that Helen did not have title to the 1971 Vega does not conclusively demonstrate that she was not a party to the purchase contract or the beneficiary of the warranties Dennis allegedly made. Cf. Mayer v. Frame (Dec. 6, 2000), Medina App. No. 3053-M; Sloanv. West Chevrolet, Inc. (July 17, 1985), Summit App. No. 11976. Furthermore, a plaintiff need not be in privity of contract to pursue a negligence claim against the seller of a used vehicle.
 {¶ 15} Finally, there was no evidence before the trial court at the time of its decision which would have shown that plaintiffs destroyed evidence, as Dennis now claims. Michael allegedly testified at deposition that he dismantled the vehicle and sold its parts, but the transcript of this testimony was not attached to Dennis' motion for summary judgment and was not supplied to the court until after the court entered judgment for Dennis. Therefore, the trial court could not have entered summary judgment for defendant on this basis.
 {¶ 16} Regardless, destruction of evidence does not generally warrant the extreme sanction of dismissal of a plaintiff's claim. Other remedies, such as the exclusion of expert testimony based on evidence not available to the defendant, are usually more appropriate. Moreover, although there is a rebuttable presumption that a defendant was prejudiced by the destruction of relevant evidence, a plaintiff can still persuade the court that there was no reasonable possibility that the defendant was prejudiced. Cincinnati Ins. Co. v. General Motors Corp.
(Oct. 28, 1994), Ottawa App. No. 94OT017.
 {¶ 17} Dennis failed to show that there were no genuine issues as to any material fact on either the warranty or the negligence claims. Therefore, we reverse and remand for further proceedings.
Judgment reversed and remanded.
It is ordered that appellants recover of appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., Concur.