## CLAMPITT, Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.

Ohio Appeals, Eighth District. Cuyahoga County.

No. 21229. Decided March 14, 1949.

62

Harrison, Thomas, Spangenberg & Hull, Cleveland, for plaintiff-appellee.

Robert J. Shoup, E. Sheldon Wirts, Cleveland, for defendant-appellant.

(DOYLE, J., of the Ninth Appellate District, sitting by designation in place of MORGAN, J.)

## OPINION

By DOYLE, J.

This is an action of tort for personal injuries occasioned to the plaintiff by the claimed negligent operation of an electric streetcar operating on tracks which struck from the rear the automobile being driven by the complainant. The appeal is by the City of Cleveland from a judgment entered

upon a verdict of a jury in favor of the injured person against the said city as the owner and operator of the traction lines.

There is evidence which tends to show that the complainant drove his automobile from a private driveway into a through highway (East 105th Street) and turned north; that soon thereafter he was struck from the rear by the streetcar proceeding in the same direction.

1. The evidence and the reasonable inferences to be drawn therefrom were such as to require the court to apply the "right of way" provision of §6307-2 GC as well as §6307-43 GC. These provisions are in the following terms:

Sec. 6307-2 GC: * * * "Right of Way"

"The right of a vehicle, streetcar, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley or pedestrian approaching from a different direction into its or his path."

Sec. 6307-43 GC: "The operator of a vehicle, streetcar or trackless trolley about to enter or cross a highway from a private road, driveway, alley or building shall stop and yield the right-of-way to all traffic approaching on said highway."

The court was requested by the defendant to give the following written charge to the jury before the argument in the case:

"Ladies and gentlemen of the jury, I charge you as a matter of law that the phrase 'right of way' means the right of the streetcar to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to a vehicle approaching from a different direction into its path. The operator of a vehicle about to enter or cross a highway from a private road, driveway, alley or building shall stop and yield the right of way to all traffic approaching on said highway."

It is the opinion of the members of the court that under the facts of this case the requested charge was proper and should have been given and that the court's refusal constituted error prejudicial to the rights of the city of Cleveland. **Washington Fidelity National Insurance Co. v. Herbert 125 Oh St 591, Morris v. Bloomgren, 127 Oh St 147.**

2. Damages were asked both for personal injuries and injury to the automobile. A general verdict was returned in one lump sum. It is reasonable to assume that the jury

included in the verdict some amount for the property damage. In proving ownership of the automobile, it was necessary to place in evidence the certificate of title showing the vehicle in the name of the complainant. **(Sec. 6290-4 GC.)** This was not done. The evidence of ownership which was introduced was not of sufficient weight to sustain a verdict or judgment for any damage to property. It was therefore error to submit to the jury the question of property damage. **Mielke, et al v. Leeberson, 150 Oh St 528.**

3. It is further claimed that the court erred in the admission in evidence of an x-ray picture of what was described as a normal knee, for the purposes of comparison with the x-ray picture of the knee of the plaintiff made after an injury to it in the accident in question. The expert who identified the x-ray picture in controversy was unable to state whether it was a picture of a man or woman or that of a young or old person. It was claimed that as a result of the injury there was a diminished density of the plaintiff's patella. An expert witness compared the density of the plaintiff's patella as shown in an x-ray of his knee after the accident with the density of the patella of the unknown person. It is obvious that the comparison was not fair for the evidence shows that the plaintiff was a man in advanced years, and under the circumstances of this case the x-ray picture of the sesamoid bone of the unknown man or woman, boy or girl X was not competent evidence and therefore error was committed in its introduction.

We have examined the other claimed errors and find none of a prejudicial character.

For the errors noted above which we determine prejudicial, the judgment is reversed and the cause remanded.

Judgment reversed. Exc. Order See Journal.

SKEEL, PJ, (acting) HURD, J, concur.