MOTORISTS MUTUAL INS. CO., APPELLEE, *v.* AUTO OWNERS
MUTUAL INS. CO., APPELLANT.

(No. 173—Decided February 15, 1956.)

*Messrs. Cummins & Boller,* for appellee.
*Messrs. Wiles & Doucher,* for appellant.

MILLER, P. J.   The question presented by this appeal involves the ownership of a new 1952 Oldsmobile which was being purchased by one Thomas Boyd from the Dick Helman Auto Sales, Inc.   The automobile herein was involved in a collision and the liability of the defendant insurance company depends upon the ownership of the car at the time of the accident, all the seller's automobiles being covered in a policy of insurance with the defendant.   If the ownership still remained in the Helman company, then it is conceded that the plaintiff should prevail in this action; on the other hand, if the title had passed to the purchaser, then the judgment should be in favor of the defendant.

In a separate finding of facts, the court made the following findings which are pertinent to the issue presented:

"The court further finds that Dick Helman Auto Sales, Inc., was an automobile dealer in Sidney, Ohio, and was the Oldsmobile distributor, and that on November 13, 1952, Thomas Boyd agreed to trade in his 1950 Oldsmobile on, and purchase, a new 1952 Oldsmobile from Dick Helman Auto Sales, Inc.; that on that day there was still a balance due from Boyd to The First National Exchange Bank, of Sidney, Ohio, secured by mortgage on the 1950 Oldsmobile, and that the 1952 Oldsmobile in Helman's possession was also mortgaged to The First National Exchange Bank; that on the same day Thomas Boyd signed a note and chattel mortgage to The First National Exchange Bank, of Sidney, Ohio; that the amount of said note and mortgage was left blank; that on the same day the manufacturer's certificate was assigned by Dick Helman Auto Sales, Inc., to Thomas Boyd, and Thomas Boyd signed an application for a certificate of title and gave it to Mr. Helman and, on November 14, 1952, Mr. Helman turned these documents over to The First National Exchange Bank in accordance with previous arrangements with the bank that they would make a loan to Mr. Boyd on the automobile to pay for it; that on the morning of November 15, 1952, all of the papers necessary to complete the loan and to complete the filing of the papers in the Clerk's Office in the court house, were in the possession of The First National Exchange Bank; that on November 15, 1952, before The First National Exchange Bank had advanced the money to Dick Helman Auto Sales, Inc., for payment of the 1952 Oldsmobile, Thomas Boyd was involved in an accident in which the 1952 Oldsmobile was damaged; at the time of the accident the automobile was in the sole possession of Thomas Boyd and was being operated on his own business, and that as a result of that accident, one Solomon Smith filed an action in the Court of Common Pleas, of Shelby County, Ohio, for damages as a result of injuries sustained therein; that a judgment was rendered against Thomas Boyd for one thousand dollars ($1,000) and costs.

"The court further finds that on November 15, 1952, Mr. C. M. Fogt, vice-president of The First National Exchange Bank, after learning of the accident, advised Mr. Boyd that the bank

would go no further in the matter and would not advance the money for the purchase of the 1952 Oldsmobile; that the papers in the possession of the bank on November 15, 1952, were eventually returned by it to the parties and were never filed.''

In order to determine the ownership of this automobile, consideration must be given to Sections 4505.03, 4505.04, 4505.05 and 4505.06, Revised Code, which set forth the procedure which must be followed in order to acquire a good title to a motor vehicle.

Section 4505.03 requires that the seller of a motor vehicle deliver to the purchaser a certificate of title with such assignment thereon as is necessary to show title in the purchaser. Section 4505.04 provides that no person acquiring a motor vehicle from the owner thereof shall acquire any right, title, claim or interest to the same until he has had issued to him a certificate of title to said motor vehicle.

In the case of *Workman* v. *Republic Mutual Ins. Co.,* 144 Ohio St., 37, 56 N. E. (2d), 190, the facts presented were similar to those presented in the case at bar, with two exceptions, (1) in the cited case, the note and chattel mortgage had been filled out completely, while here the note and mortgage were signed in blank, and therefore were not completed; (2) in the cited case, the application for a certificate of transfer of title had been signed by the purchaser and delivered to the seller for filing according to law, while in the case at bar the application for a transfer of the manufacturer's certificate had been completed but the same was delivered to the seller upon the condition that the note and mortgage be completed by the finance company, after which the seller was to file the application for a transfer. The third paragraph of the syllabus of the *Workman case, supra,* provides:

''Where the insured sold an automobile and delivered possession thereof to the purchaser who signed an instalment note for the purchase price, executed a chattel mortgage securing the same, signed an application for transfer of the certificate of title which the vendor had delivered to the purchaser, and redelivered same to the vendor for filing in an adjoining county within the three days permitted by law, actual ownership with

complete possession and control passed to the purchaser. (*Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, approved and followed.)''

On page 48 of the aforesaid case, Judge Matthias concludes the opinion with the following statement:

''Without deciding whether the *legal* title had passed, actual ownership with complete possession and control had certainly passed to Mrs. Rhodes, and if *legal* title had not been transferred as agreed, her right to a certificate of title was enforceable. *Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, 30 N. E. (2d), 1002.''

A later pronouncement by our Supreme Court is found in the case of *Garlick, Admr.,* v. *McFarland, a Minor,* 159 Ohio St., 539, 113 N. E. (2d), 92, in which the entire sales transaction had been completed, with the exception of the assignment and delivery of the certificate of title. These two cases were decided differently, but there is a material distinction between the facts. In the *Workman case,* the right to a certificate of title had passed to the purchaser for the reason that the first procedural step in acquiring the legal title after completion of the sale had been taken, to wit, the application for a certificate of transfer had been filed with the seller who was required, under Section 4505.06, Revised Code, to obtain a certificate of title upon application being made by the purchaser. This section, in part, provides:

''In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser by the dealer upon application signed by the purchaser. In all other cases such certificates shall be obtained by the purchaser. In all cases of transfers of motor vehicles, the application for certificate of title shall be filed within three days after the delivery of such motor vehicle.''

See, also, *Automobile Finance Co.* v. *Munday,* 137 Ohio St., 504, 30 N. E. (2d), 1002.

In the *McFarland case,* the certificate of title had not been transferred to the purchaser; hence there was no attempt made to comply with the provisions of Section 4505.06, Revised Code.

Therefore, the court held the purchaser had acquired no right to a title and the ownership had not changed. The third paragraph of the syllabus provides:

"Where an automobile is sold by the owner, with full payment of the agreed price and delivery of possession to the purchaser thereof but the assignment and delivery of the certificate of title are deferred, a change in the ownership of the automobile is not consummated in accordance with the provisions of the Ohio Certificate of Title Act and coverage of such automobile by an insurance policy issued to the owner thereof continues in force until the consummation of the sale by assignment and delivery of the certificate of title."

In the case at bar, since the note and mortgage had not been completed, it was not possible to complete the application for a transfer of title under Section 4505.06 of the Revised Code. Section 4505.13 requires that all mortgages and liens upon automobiles be noted upon the certificate of title. Until this information was available a proper certificate of title could not have been issued. Therefore, we conclude that no application for a certificate of title was pending at the time of the collision which would entitle the purchaser to a certificate of title. No right of title having passed to the purchaser, it must follow that the ownership of the automobile remained in the seller.

We find no error in the record and, therefore, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK and CONN, JJ., concur.

CONN, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.