**YOUNG, Plaintiff, v. EMANAKER. Defendant.**

Common Pleas Court, Butler County.

No. 77924.   Decided January 11, 1960.

William D. Schaeffer, for plaintiff.
Thomas Baden, for defendant.

## OPINION

By CRAMER, J.

This cause is now before this Court on the legal question submitted by the parties for pre-trial determination.  If the question is answered adversely to the plaintiff, the same will be dispositive of the entire cause.

An accident occurred on July 6, 1959, involving vehicles driven by plaintiff and defendant.  The plaintiff seeks to recover for damages to his motor vehicle.

At the time of the accident the title to the motor vehicle driven by plaintiff was in the name of a third party, being the person from whom plaintiff had purchased said automobile.  At the time of the purchase and on June 23, 1959, said owner of the automobile had assigned his interest in the title to said motor vehicle to plaintiff.

Plaintiff did not acquire a certificate of title in his name to said vehicle until July 22, 1959.  The delay in having the title transferred to plaintiff was occasioned by reason of a finance company which had a lien on said car having the original title in its possession, and for the purpose of financing negotiations and processing.

We are therefore squarely met with the question as to whether one who does not have a certificate of title to a motor vehicle in his name at the time damages are sustained thereto, although he has possession of said vehicle and has made an application for a title and there has been an assignment to him, can bring an action for damages to said vehicle, having at the time of bringing the action a certificate of title in his name.

The plaintiff contends that title passes to a motor vehicle when the title holder delivers the title properly endorsed to the new purchaser, and that the passing of the title is not dependant upon the new owner's compliance with the statutory requirement relative to obtaining a new certificate of title from the Clerk of the Court.

It would appear that the case of **Workman v. Republic Mutual Ins. Co., 144 Oh St 37,** supports this contention of the plaintiff. However, some doubt has been cast upon the import of this decision by reason of later decisions of the Supreme Court of Ohio. (See **Garlick, Admr. v. McFarland, 159 Oh St 539.)**

In the case of **Motorists Mutual Insurance Co. v. Insurance Company, 103 Oh Ap 18,** the Court points out a material distinction between the facts in the Workman and Garlick cases supra. In the one—the Workman case—the first procedural step in acquiring legal title had taken place, to-wit, the application for a certificate of transfer had been filed with the seller; while in the Garlick case the certificate of title had not been transferred to the purchaser and there was therefore no attempt made to comply with the statute, namely §4505.06 **R. C.**

In the Motorists Mutual Ins. Co. case, supra, much is made of the fact that the purchaser at the time of the collision had made no application for a certificate of title and it was held that the ownership of the car therefore remained in the dealer.

It is worthy of note that §4505.06 **R. C.,** provides that in the case of the sale of a motor vehicle by a dealer to a purchaser the certificate of title shall be obtained in the name of the purchaser by the dealer upon an application signed by the purchaser. However, it is provided that in all other cases such certificate shall be obtained by the purchaser. Here, there being no dealer involved—the sale having been made between private individuals—the certificate would have to be obtained by the purchaser.

The most recent expression of our Supreme Court on this question is found in the case of **Brewer v. DeCant, 167 Oh St 411.**

In that case the dealer entered into negotiations for the purchase of an automobile by DeCant as a result of which DeCant contracted to buy a Plymouth automobile. He signed a power of attorney authorizing the dealer to sign the application for title, arranged for transfer of the chattel mortgage and took possession of the automobile. Twenty-four days later said automobile while being driven by DeCant was involved in an accident as a result of which plaintiff was injured. The question arose when the plaintiff after recovering a default judgment from DeCant filed a supplemental petition against the insurance carrier of the dealer.

The trial court held that no sale of the Plymouth automobile was completed, and that DeCant was using the automobile with the permission of the dealer, and that it was within the coverage of the policy issued by the insurance company. The Court of Appeals reversed this judgment and the Supreme Court reversed the Court of Appeals.

Here, it is to be noted that the purchaser actually signed a power of attorney authorizing the dealer to sign the application for title, thus making the factual situation there similar to what took place here.

The Supreme Court held—paragraph 2 of the syllabus:

"Under the Ohio Certificate of Title Act a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser."

The Court in the course of its opinion stated the following:

"The line between ownership and non-ownership will be finely drawn. This Court in its most recent decisions, in interpretating §4505.04 R. C., has drawn that line at the issurance of a certificate of title. Until such time as a certificate of title is issued to a purchaser, no title to the automobile passes to him."

It is therefore our opinion that since plaintiff at the time of the accident in which the automobile of which he then had possession was damaged had not been issued a certificate of title to said automobile, he is not the real party in interest in the present action wherein he seeks to recover for the damages to said automobile.

An entry may be prepared in accordance with this opinion.