TAKAS, PLAINTIFF-APPELLEE, *v.* PICKLOW, DEFENDANT-APPELLANT,

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25630. Decided December 14, 1961.

*In Propria Persona*, for plaintiff-appellee.
Mr. *Francis E. Picklow*, for defendant-appellant.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

*Per Curiam.* This is an appeal from the judgment of the Conciliation Branch of the Municipal Court of Cleveland in favor of the appellee against the appellant in the sum of $55.20. The action was brought to recover damages resulting from a collision between appellant's automobile and an automobile operated by the appellee's son at the intersection of Mount Vernon Avenue and East Boulevard in Cleveland, Ohio. Appellant's motion for new trial was overruled.

Appellant's first assignment of error is that the court erred in rendering judgment for plaintiff in spite of the fact that the plaintiff failed to prove ownership of the car. The only evidence in the narrative bill of exceptions as to ownership is a statement of appellee that his son was driving his car. On cross-examination the plaintiff was asked whether or not he had anything to prove he was the owner of the car and he replied that he did not have any proof with him. There was no admission as to ownership and the certificate of title was not introduced into evidence. Section 4505.04, Revised Code, provides in part:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By certificate of title or a manlfacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, Revised Code.

"(B) By admission in the pleadings or stipulations of the parties."

In view of this statute and the holding of the Supreme Court in *Mielke* v. *Leeberson*, 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, the judgment of the trial court must be set aside. Since there was some evidence before the trial court as to ownership, but insufficient without the production of a certificate of title, the judgment of the Cleveland Municipal Court is reversed and the cause remanded for further proceedings according to law.

Judgment reversed and cause remanded.

RADCLIFF, P. J., COLLIER and BROWN, JJ., concur.