GROGAN CHRYSLER-PLYMOUTH, INC., ET AL., APPELLANTS,
v. GOTTFRIED, APPELLEE.

(No. L-77-093—Decided February 17, 1978.)

Mr. David M. Schnorf, for appellants.
Mr. Dennis Dickson, for appellee.

BROWN, J. This appeal from the Toledo Municipal Court by plaintiff-appellant, Grogan Chrysler-Plymouth, Inc., is from a final judgment in a non-jury trial in favor of defendant-appellee, Donald Gottfried. The claim of plaintiff described in the complaint is for property damage to an automobile which defendant, as a prospective buyer, obtained from plaintiff's sales lot to test drive for a few days. While driving the automobile on March 3, 1975, de-

fendant negligently drove it into the rear end of another automobile. The front end of the damaged vehicle required repairs which plaintiff claims amounted to $1,305.61.

This legal action was originally commenced by Joe Grogan Motors, Inc., as the named plaintiff. At the beginning of the trial, upon representation of plaintiff's counsel of a change in plaintiff's corporate name since filing of the complaint, the trial court permitted the complaint to be amended to show Grogan Chrysler-Plymouth, Inc., as a party plaintiff.

The appellant's two assignments of error arise by reason of the following last three paragraphs of the trial judge's findings of fact and conclusions of law:

"The Court further finds that title to the motor vehicle in question was transferred from Joe Grogan Leasing, Inc., to Joe Grogan Motors, Inc., on March 14, 1975.

"As a matter of law only the titled owner can recover damages resulting from an automobile accident. Joe Grogan Motors, Inc. (amended to Grogan Chrysler-Plymouth, Inc.) cannot, therefore as a matter of law, recover for damages sustained to said motor vehicle since Joe Grogan Motors, Inc. was not the titled owner of the motor vehicle at the date of said accident, to wit, March 3, 1975. Sec. 4504.04, Ohio Revised Code.

"Plaintiff Joe Grogan Motors, Inc. failed to prove that it sustained any damage as a result of the damage to said motor vehicle since it was not the titled owner of said vehicle at the date of the accident. Grogan Leasing, Inc. was not made a party to this suit and therefore cannot recover any damages."

The second assignment of error will be considered first. It raises a contention by plaintiff that the trial court erred in ruling that Grogan Leasing, Inc., "was not made a party to this suit and therefore cannot recover any damages."

The plaintiff is correct. The trial court erred. The following portion of the transcript exhibits that Grogan Leasing, Inc., was made a party to this legal action:

"The Court: I agree, I think that justice, to be best

served, would be to amend it to show the true corporate name.

"Mr. Dickson: As being whom?

"The Court: Being—give us the two parent companies—as Grogan Chrysler Plymouth, Inc. and the subsidiary as Grogan Leasing, Inc.

"Mr. Cunningham: Thank you."

Liberal construction of procedural rules, particularly Civ. R. 21,[1] and their application in such a context, compels a judicial determination by this court that the trial judge added Grogan Leasing, Inc., as a party-plaintiff at the outset of the trial and did so properly. A party may be added at any stage of the proceedings. *Peters* v. *Durroh* (1971), 28 Ohio App. 2d 245; *Fair Housing Dev. Fund Corp.* v. *Burke* (E. D. N. Y. 1972), 55 F. R. D. 414, 419.

Therefore, since Grogan Leasing, Inc., held a validly issued certificate of title for the automobile on and before it was damaged on March 3, 1975, the trial court should have awarded the full amount of damages to the March 3, 1975, owner, the co-plaintiff, Grogan Leasing, Inc.

The second issue which arises is as follows. Can the plaintiff (Joe Grogan Motors, Inc.) which was not the holder of the certificate of title to an automobile at the time of an accident but which before trial obtains such certificate of title, recover for damages caused to the automobile by the tortfeasor? The answer is "yes" under certain circumstances.

The portions of the automobile Certificate of Title Act, R. C. 4505.04, cited by appellant provide:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold, disposed of, or mortgaged or encumbered, unless evidenced:

---

[1] "[Civil] Rule 21. Misjoinder and nonjoinder of parties.

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

"(A) By a certificate of title or a manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to Section 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."[1]

R. C. 4505.04 was intended to apply to litigation where the parties were rival claimants to title, *i. e.*, ownership of the automobile; to contests between the alleged owner and lien claimants; to litigation between the owner holding the valid certificate of title and one holding a stolen, forged or otherwise invalidly issued certificate of title; and to similar situations.[2] *Kelley Kar Co.* v. *Finkler* (1951), 155

---

[1]This court's reversal of the judgment of the trial court could easily be based solely upon R. C. 4505.04(B) that defendant's "admission in the pleadings" recognizes the ownership of the automobile by plaintiff, Joe Grogan Motors, Inc. Defendant's pleading designated as interrogatories, and the plaintiff's answers thereto on file herein, assume and thereby concede that plaintiff owned the damaged automobile, as follows:

"2. Did Joe Grogan Motors, Inc. give permission to defendant Donald Gottfried to drive an automobile owned by Joe Grogan Motors, Inc., on or about March 3, 1976.

"Answer: According to the information furnished the undersigned Donald Gottfried was given permission to drive an automobile 'over the weekend' or 'for a few days.' The salesman giving such permission believed that Mr. Gottfried wished to purchase the automobile and therefore wished to give him an opportunity to try it out. It is the undersigned's understanding that this permission was given either on Friday or Saturday, February 28 or March 1, 1975, and would have included the use of the automobile on Monday, March 3, 1975.

"3. Was said automobile covered by a policy of automobile insurance issued by the Universal Underwriter's Insurance Company for coverage due to loss by collision.

"Answer: Yes, but only if the person operating said vehicle was an agent, an employee, officer, etc. of Joe Grogan Motors, Inc. No, if said person was a bailee, prospective purchaser or one similarly situated."

If plaintiff Joe Grogan Motors, Inc., did not own the automobile, the other party plaintiff, Grogan Leasing, Inc., formerly Joe Grogan Leasing, Inc., which the trial court at the outset of the trial added as a new party plaintiff, had such legal title and the constitutional right to recover.

[2]In a number of Ohio cases, determination of ownership of an automobile by the issuance of a valid certificate of title pursuant to R. C. 4505.04 and the date of its acquisition is vital in determining automo-

Ohio St. 541; 5 W. Reserve L. Rev. 403, 404 (1954). This statute was not intended to apply and does not apply to a legal action in which the plaintiff at the time of trial held a certificate of title in its corporate name, claiming a right to the damages sustained by the automobile caused by the defendant tortfeasor, where the tortfeasor advances no right or title to such automobile, either on the date of the accident or at the time of trial. Any other interpretation attains an absurd result, and any judicial precedent supporting such a result should either be distinguished on its facts, if that is possible, or be disregarded.[4] Thus, *Moore* v. *Workman* (1971), 28 Ohio App. 2d 303; *Selec-*

---

bile liability insurance coverage in conjunction with interpretation of insurance contract terms, such as "owner," "insured" and other language. *Brewer* v. *DeCant* (1958), 167 Ohio St. 411; *Garlick* v. *McFarland* (1953), 159 Ohio St. 539; *Workman* v. *Insurance Co.* (1944), 144 Ohio St. 37; *Motorists Mutual Ins. Co.* v. *Insurance Co.* (1956), 103 Ohio App. 18. However, the present Grogan-Chrysler Plymouth, Inc., claim presents no such problem and therefore presents no need or purpose in applying the provisions of R. C. 4505.04.

[4]To apply R. C. 4505.04 in the manner urged by defendant offends the two following fundamental legal precepts.

First, *cessante ratione cessat ipsa lex*—where the reason ceases, the law itself ceases. The reason for the statute is to determine what proof, *i. e.*, certificate of title, should be required where a plaintiff is asserting some right pertaining to his allegedly owned automobile and defendant's defense or claim is based upon a claimed right, title or interest in the same automobile. The reason ceases when the defendant's defense is not based upon some claimed right, title or interest in the same automobile.

Secondly, *summum jus summa injuria*—extreme law is extreme wrong. This is an extension of the first precept. An example concerns an immigration official in San Francisco who was puzzled about what to do when a woman, a Chinese citizen, got off a ship from China with a baby born on the sea voyage. The mother had a visa and had a right to remain in the United States. The baby had no visa. The immigration official wired his superiors in Washington asking if he should send the baby back to China. His superiors wired back, "Don't be a damned fool."

Requiring either of the two plaintiffs to produce a certificate of title to evidence ownership on the date of the accident (although one of the two plaintiffs did so) is a mechanistic approach that leaves no room for discretion and makes nonsense of the law. The mechanistic approach should be rejected and the broader, philosophical approach which recognizes the purpose of law should be accepted.

*tive Ins. Co.* v. *Reinhardt Trucking Co.* (1962), 115 Ohio App. 561; *Takas* v. *Picklow* (1961), 28 Ohio Op. 2d 354; *Clampitt* v. *Cleveland* (1949), 54 Ohio Law Abs. 61; *Young* v. *Emanaker* (1960), 12 Ohio Op. 2d 449, should either be distinguished or disregarded.

There is also an arguable contention by plaintiff that under the circumstances of this case, assignment and transfer of the certificate of title from Joe Grogan Leasing, Inc., to plaintiff, Joe Grogan Motors, Inc., on March 14, 1976, implied an assignment to the plaintiff Joe Grogan Motors, Inc. (now correctly designated as Grogan Chrysler-Plymouth, Inc.) of the property loss claim which arose March 3, 1976, against the tortfeasor, defendant Gottfried. *Todd* v. *Fidelity & Casualty Co.* (1934) 48 Ohio App. 459; 5 Ohio Jurisprudence 2d 152, Assignments, Section 3.

Our disposition of this case and the reversal of the judgment of the trial court does not depend upon our agreement with this contention of plaintiff and does not require recognition and application of the implied assignment principle. Implied assignment is sometimes called equitable assignment. 5 Ohio Jurisprudence 2d 152, Assignments, Section 3. Any word or transaction which shows an intention on the one side to assign and on the other to receive, if there is a valuable consideration, will operate as an effective equitable assignment. *General Excavator Co.* v. *Judkins* (1934), 128 Ohio St. 160; *Morris* v. *George C. Banning, Inc.* (1947), 77 N. E. 2d 372; 6 American Jurisprudence 2d 186, 264, Assignments, Sections 2, 83; 6A Corpus Juris Secundum 670, Assignments, Section 53(a)

Under the legal principle of implied or equitable assignment of the property loss claim the plaintiff, Grogan Chrysler-Plymouth, Inc., had a right to recover the full damage to the car, although it did not acquire the certificate of title for the automobile until eleven days after the damage claim arose. However the record in the present case falls short of establishing an implied or equitable assignment of the damage claim from the plaintiff Grogan Leasing, Inc., to Joe Grogan Motors, Inc.

Plaintiff also calls attention to the fact that at the time of the accident, plaintiff Joe Grogan Motors, Inc., was the bailee of the automobile from Joe Grogan Leasing, Inc. However, contrary to plaintiff's contention, a bailee of an automobile has no right to recover damages negligently caused to the bailed automobile upon proof of the bailor's title to such property on the date of the accident, as evidenced by a certificate of title issued under R. C. 4505.04. A possessory right of a bailee to an automobile is not sufficient to furnish a right to recover for damages to it. *Veltri* v. *Cleveland* (1957), 167 Ohio St. 90.

Therefore, co-plaintiff Grogan Leasing, Inc., is entitled to recover the entire damages sustained by the Grogan automobile as a result of the negligence of defendant Gottfried.

Judgment of the Toledo Muncipal Court is reversed. The judgment which the trial court should have rendered is hereby entered in favor of co-plaintiff, Grogan Leasing, Inc., and against the defendant, Donald Gottfried, in the sum of $1,305.61, and costs, and cause is remanded to the Toledo Municipal Court for execution of judgment.

*Judgment reversed.*

CONNORS, J. concurs.

POTTER, P. J., concurs in judgment, and the opinion only to the extent that the record indicates during the trial, Grogan Leasing was added as a party-plaintiff. Because a court speaks through its journal it should have made the proper journal entry. The certificate of title introduced was sufficient to satisfy the requirements of R. C. 4505.04 as to the right of Grogan Leasing to recover for its damages.