OPINION
On appeal, appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING APPELLEES' APPLICATION FOR AN EXTENSION OF TIME TO ANSWER WITH RESPECT TO APPELLANT JAN SNYDER, FINDING THAT SAID APPLICATION WAS TIMELY FILED IN LIGHT OF THE FACT THAT THE APPLICATION WAS NOT FILED WITHIN 28 DAYS AFTER SERVICE OF THE SUMMONS AND COMPLAINT AS REQUIRED BY CIVIL RULE 6(B)(1) AND CIVIL [RULE] 12(A)(1).
 "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DEFAULT JUDGMENT IN LIGHT OF THE FACT THAT APPELLEE JAN SNYDER HAD NOT FILED AN ANSWER WITHIN 28 DAYS AFTER SERVICE OF SUMMONS AND COMPLAINT AS REQUIRED BY CIVIL RULE 12(A)(1).
 "III. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR DIRECTED VERDICT AND ENTERING FINAL JUDGMENT FOR APPELLEES, HAVING FAILED TO CONSIDER APPELLANT'S TESTIMONY WITH RESPECT TO OWNERSHIP OF AN AUTOMOBILE IN LIGHT OF JUDICIAL INTERPRETATION OF OHIO REVISED CODE 4505.04 LIMITING THE APPLICATION OF THE STATUTE.
 "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL, HAVING FAILED TO CONSIDER APPELLANT'S TESTIMONY WITH RESPECT TO OWNERSHIP OF AN AUTOMOBILE IN LIGHT OF JUDICIAL INTERPRETATION OF OHIO REVISED CODE 4505.04 LIMITING THE APPLICATION OF THE STATUTE."
The facts which are relevant to the issues raised on appeal are as follows. On April 17, 1996, appellant drove his car to a florist shop. He parked by a tow truck. While appellant was inside the shop, he saw the tow truck back up and hit the front of his car. The car's lights and grill were badly damaged. When the tow truck driver did not stop, appellant pursued him in his car to stop him.
On September 23, 1996, appellant filed a complaint against appellees, who are Jan Snyder, the owner of the tow truck, and Sylvester Kreis, the driver of the tow truck. The complaint and summons were served on appellee Snyder on September 26, 1996, and on appellee Kreis on October 1, 1996.
On October 25, appellees filed a motion for extension of time to answer. On November 1, 1996, appellant filed a motion for default judgment because appellee Snyder had not answered within twenty-eight days, or by October 24, 1996, as required by Civ.R. 12(A). On November 6, 1996, the trial court found appellees' motion for extension of time to have been filed timely and granted appellees' motion for an extension of time to allow appellees to file their answers by November 24, 1996. The trial court also denied appellant's motion for default judgment.
The next day, on November 7, 1996, appellee Snyder filed an opposition to the motion for default judgment. Snyder also requested a motion for extension of time to answer citing excusable neglect and good faith mistake in not filing an answer on or before October 24, 1996. On November 15, 1996, the trial court dismissed appellees' second motion as moot in light of its November 6, 1996 ruling. Appellees filed their answers on November 20, 1996.
On June 18 and 27, 1997, a jury trial was held. Appellant testified that he owned the car which was damaged as a result of the April 17, 1996 collision. At the close of appellant's evidence, appellees requested a directed verdict under Civ.R. 50. Appellees argued that appellant had not submitted a certificate of title into evidence to establish ownership of the damaged car as required by R.C. 4505.04. Appellees asserted that a certificate of title is the only permissible proof of ownership of a vehicle without an admission or stipulation as to ownership. Appellant contended that R.C. 4505.04 did not preclude testimony of the owner as sufficient evidence of ownership.
The trial court granted appellees' motion for directed verdict under Civ.R. 50(A)(4). The trial court determined that after reviewing the case law relating to R.C. 4505.04, including "the last relevant opinion" published in 1971, that R.C. 4505.04, required evidence of ownership of the automobile before the court had jurisdiction to recognize appellant's claim. The trial court concluded that despite appellant's oral testimony, appellant had submitted no proof of ownership of the vehicle because the certificate of title was not admitted into evidence.
On August 29, 1997, the trial court denied appellant's motion for new trial. The court again concluded that appellant's testimony about his ownership of the car did not satisfy the requirements of R.C. 4505.04.
In his first and second assignments of error, appellant contends that he should have prevailed in this action by an award of default judgment in his favor. According to appellant, the trial court should not have allowed appellee Snyder to submit a late answer where appellee did not request an extension before the twenty-eight day period expired.
Civ.R. 6(B) provides in relevant part:
 "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *" (Emphasis added.)
The complaint was served to appellee Jan Snyder on September 26, 1996. Civ.R. 12(A) provides that appellee Snyder had twenty-eight days, or until October 24, 1996, to submit an answer. On October 25, 1996, the twenty-ninth day after service, an attorney representing both appellees submitted a "form" "Application for Extension or Continuance" requesting an extension until October 24, 1996 in which to answer. On November 1, 1996, appellant filed a motion for default judgment against appellee Snyder because Snyder had not answered by October 24, 1996.
When Snyder opposed the motion for default judgment on November 7, 1996, Snyder also filed a motion for extension of time to answer citing excusable neglect and good faith mistake in not filing an answer on or before October 24, 1996. Appellee's attorney submitted his own affidavit asserting that when he went to the trial court on October 25, 1996, the same day he was retained, to verify service, his unfamiliarity with the court's computer system caused him to misread the service date as September 27 instead of September 26, 1996. The trial court found that appellee's extension of time within which to plead was timely
filed October 25, 1996.
To the extent the trial court found that appellee's first motion for extension was timely filed, the trial court erred. Appellee's motion was filed on the twenty-ninth day after service was made. Therefore, it was filed one day too late to fulfill the requirements of the first part of Civ.R. 6, which requires the extension to be filed before the original deadline expires.
However, this error is harmless in light of the fact that appellee's second motion for extension of time complied with the requirements of Civ.R. 6(B)(2), which grants broad discretion to trial courts concerning procedural matters. Davis v. ImmediateMedical Servs., Inc. (1997), 80 Ohio St.3d 10, 14. We have reviewed the dates contained in the journal entries regarding service of the complaint and conclude that the trial court could have found, as appellee Snyder maintained, that excusable neglect existed.
Had the trial court granted the second motion instead of the first motion, appellee's answer filed on November 20, 1996 would have been filed timely. As a result, there would be no basis to file a motion for default judgment under Civ.R. 55.
Accordingly, appellant's first and second assignments of error are found not well taken.
Appellant's third and fourth assignments of error raise the issue of whether appellant was required to produce a certificate of title to maintain his claim for property damage to the car. Appellant asserts that no certificate of title is required under R.C. 4505.04 in a civil case involving property damage to a motor vehicle because no competing claims of ownership to a motor vehicle are involved. Appellant contends that oral testimony of ownership is sufficient without a certificate of title. Appellees assert that the issue of ownership of the motor vehicle was controverted because appellees had generally denied appellant's allegation in his complaint that he owned the car. According to appellees, R.C. 4505.04 places the burden of proof on appellant to produce the certificate of title when ownership is disputed.
R.C. 4505.04, "Certificate of title as evidence of ownership; tort action by lessee", provides in relevant part:
 "(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
 "(B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 "(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.21 of the Revised Code;
 "(2) By admission in the pleadings or stipulation of the parties;
"* * *"
For years, this statute and its predecessor, G.C. 6290-4, were interpreted to require a motor vehicle owner to produce a certificate of title to prove ownership in actions arising from collisions as well as in replevin and title actions. Mielke v.Leeberson (1948), 150 Ohio St. 258 (Under the plain and unambiguous language of the statute, a court cannot recognize the right, title, claim, or interest of any person in a motor vehicle in an action for property damage from collision unless the certificate of tile is produced, and plaintiff's testimony alone regarding ownership is not sufficient without the certificate of title); Kelley Motors, Inc. v. Adams (1951), 91 Ohio App. 68
(statute requires plaintiff to produce a certificate of title in replevin action to assert any right, title, claim or interest in or to any motor vehicle); Kelley Kar Co. v. Finkler (1951),155 Ohio St. 541 (in an action for replevin of an automobile, plaintiff must produce certificate of title); Takas v. Picklow
(1961), 92 Ohio Law Abs. 118 (in an action for damages to plaintiff's vehicle from a collision, plaintiff must produce the certificate of title to prove ownership in order to recover damages).
However, a less restrictive interpretation began to evolve beginning with a decision from this court in 1978. This court examined the legislative purpose of the statute in GroganChrysler-Plymouth, Inc. v. Gottfried (1978), 59 Ohio App.2d 91. In that case, a car dealership sued to recover damages from a prospective car buyer who was involved in an accident while test-driving one of the dealership's cars. The dealership changed its name after filing the complaint. This court held that R.C.4505.04 did not apply where the plaintiff held certificate of title to an automobile damaged by the defendant tortfeasor at the time of trial but did not hold title on the date the damage was caused because the tortfeasor did not claim he, or any other person, had right or title to the automobile on the date of the accident or at the time of trial. Id., at paragraph two of the syllabus. This court determined that R.C. 4505.04 was intended to apply only to title and ownership disputes. "R.C. 4505.04 was intended to apply to litigation where the parties were rival claimants to title, i.e., ownership of the automobile; to contests between the alleged owner and lien claimants; to litigation between the owner holding the valid certificate of title and one holding a stolen forged or otherwise invalidly issued certificate of title, and to similar situations." Id. at 94. To reach that decision, this court referred to the discussion of the legislative history of R.C. 4505.04's predecessor, as set forth in Kelley CarCo. v. Finkler, 155 Ohio St. at 545:
 "On April 29, 1921, the General Assembly passed an act entitled: `To Prevent Traffic in Stolen Cars, Require Registration and Bill of Sale to be Given in the Event of Sale or Change in Ownership of Motor Vehicles. * * * [U]ntil the act of April 28, 1937, title to a motor vehicle was evidence only by a bill of sale. There was no provision for certificates of title. Para. Because of their mobility and frequent change of ownership it was obviously necessary to create an instrument evidencing title which would more adequately protect innocent purchasers of motor vehicles. On April 28, 1937 * * *, the General Assembly passed an act entitled: "To Prevent the Importation of Stolen Motor Vehicles and Thefts and Frauds in the Transfer of Title to Motor Vehicles * * * *"
Four years later, the Supreme Court of Ohio determined that a certificate of title does not need to be produced to prove ownership of a vehicle as an element of the crime of theft of a motor vehicle. The Supreme Court, in dicta, adopted the rationale of Grogan Chrysler-Plymouth, supra, to reach that decision:
 "The reason for the statute is to determine what proof, i.e., certificate of title, should be required where a plaintiff is asserting some right pertaining to his allegedly owned automobile and defendant's defense or claim is based upon a claimed right, title or interest in the same automobile. The reason ceases when the defendant's defense is not based upon some claimed right, title, or interest in the same automobile." State v. Rhodes (1982), 2 Ohio St.3d 74, 75-76
citing Grogan, 59 Ohio App.2d at 95, at n. 4.
Six years after that, the Ohio Supreme Court construed R.C. 4505.04 in the context of whether the Ohio Certificate of Title Act or Ohio Uniform Commercial Code should be used to identify the owner of a motor vehicle to determine insurance coverage in case of an accident. Smith v. Nationwide Mut. Ins.Co. (1988), 37 Ohio St.3d 150, 151-152. The court concluded that Uniform Commercial Code provisions, not who could show proof of title, defined who bore the risk of loss. The Supreme Court observed that R.C. 4505.04 was relevant only to determine competing claims to a motor vehicle, such as ownership issues regarding importation of vehicles, rights between lienholders, rights of bona fide purchasers, and instruments evidencing title and ownership rights of motor vehicles. Id.
In Smith v. Clark (April 29, 1988), Sandusky App. No. S-86-67, unreported, this court construed State v. Rhodes to conclude R.C. 4505.04 does not require proof of ownership to recover damages to an automobile damaged by a third party who claims no title, right, or interest in the automobile unless defendant raises the issue of a certificate of title to prove ownership in a timely fashion. However, in Snyder v. Lee (Mar. 17, 1995), L-94-131, unreported, this court required a stipulation, admission, or certificate of title to establish ownership in a case involving property damage to a vehicle as a result of an accident. Unlike the defendant in Smith v. Clark, the defendant in Snyder v. Lee had "timely raised the issue of certificate of title to prove ownership by denying knowledge of ownership of the vehicle in his answer, and by making a motion to dismiss for failure to prove ownership." The court determined:
 "[T]he case law which is controlling in this case is that which interprets R.C. 4505.04 as requiring the production of a certificate of title as proof of ownership, or a stipulation directly relating to ownership of a vehicle, or an admission to the ownership of a vehicle. * * * Appellee is protected from suits by two persons, an owner of the vehicle that was damaged and the mere driver of a vehicle that was damaged by the strict application of the terms of the statute."
Recent decisions suggest that requiring a certificate of title to prove ownership at a trial to recover property damages arising out of an accident or collision is not necessary where there the tortfeasor is not claiming an interest in the plaintiff's vehicle or raising a serious dispute about ownership of the vehicle. See Hoegler v. Hamper (1992), 79 Ohio App.3d 280
(statute precluding court from recognizing right of person to motor vehicle unless evidenced by stipulation of parties, admission, or certificate, did not preclude plaintiff from recovering damages against negligent motorist in absence of parties asserting competing claims to same motor vehicle even though no certificate of title was produced); Calderone v. Jim'sBody Shop (1991), 75 Ohio App.3d 506, 510 ("Proof of title requirements set forth in R.C. 4505.04 apply only in cases where there are competing claims to a motor vehicle."); Davco Const. Co.v. Dom Italiano's Used Car Corner, Inc. (July 24, 1997), Mahoning App. No. 92 C.A. 131, unreported (R.C. 4505.04 does not require that a party alleging odometer fraud must hold title at time complaint filed or produce certificate of title at trial);Hershey-Regec v. Arnold (Sep. 20, 1995), Summit App. No. 17032, unreported (plaintiffs seeking to recover property damage to vehicles in small claims court may prove ownership by oral testimony because requiring certificate of title in compliance with R.C. 4505.04 would be unduly restrictive); Simmons v.Dimitrouleas Wallcovering, Inc. (Jan. 18, 1995), Montgomery App. No. 14804, unreported (R.C. 4505.04 does not require a purchaser to produce a certificate of title to maintain an action for unjust enrichment for payments to truck seller who later repossessed the truck because there are no competing claims of ownership).
In this case, appellees' boilerplate general denial of appellant's allegation in the complaint does not raise a bona fide
issue of competing claims to title or ownership of appellant's car. Appellees have never specifically contended that they, or any other persons, have any competing interest, claim, or title to appellant's damaged vehicle, as envisioned in R.C. 4505.04. While appellees have an interest in determining whether the party with proper standing has brought suit to recover for property damage to a motor vehicle, we have previously emphasized the need to raise such issues early in the proceedings. See Snyder v. Lee, supra;Smith v. Clark, supra. Genuine questions of ownership which may affect whether a tortfeasor may be sued by the owner of the damaged vehicle as well as the driver are matters that may be resolved through pretrial discovery and motion practice. Such genuine disputes about ownership should not be resolved by waiting until the day of trial to request a directed verdict because plaintiff did not submit a certificate of title into evidence during trial. However, requiring a plaintiff to produce a certificate of title at trial to prove ownership as aprima facie element of a negligence suit for property damage where no bona fide dispute exists regarding plaintiff's ownership of a damaged vehicle permits a tortfeasor to evade not only the obligation of early resolution of ownership issues, but to evade liability. The legislative intent behind R.C. 4505.04 was to protect vehicle owners from fraudulent or rival claims to title — not to protect tortfeasors who damaged vehicles where there is no legitimate dispute about who owns title to the damaged vehicle. Unless theft or fraud of title is a genuine issue in a property damage case arising from an automobile accident, in which case production of a certificate of title would be required to establish plaintiff's ownership of the vehicle, production of a certificate of title is not the only evidence which may be used to establish ownership. We find that in an action to recover for damages to a motor vehicle, a certificate of title need not be presented as proof of ownership in the absence of an affirmative issue of ownership having been raised in the pleadings. Consequently, the trial court erred by directing a verdict in favor of appellees solely because appellant had not produced a certificate of title where oral testimony established that appellant owned the vehicle.
Accordingly, we find that appellant's third assignment of error is well-taken. As a result, we need not reach the merits of appellant's fourth assignment of error because it is moot.
On consideration whereof, the court finds substantial justice was not done the party complaining, and the judgment of the Toledo Municipal Court is affirmed in part, and reversed in part, and remanded to the trial court for further proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.