[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant, Victor Motley, executed an agreement assigning to plaintiff-appellee, Mt. Lookout Chiropractic Center, Inc., the right to receive payment for services rendered to Motley directly from the proceeds of any insurance claim. Defendant-appellant, USAA Insurance Company, paid insurance proceeds to Motley, who did not pay appellee. Appellee then sued appellant seeking reimbursement of the funds that appellant had paid to Motley, and the trial court granted summary judgment in favor of appellee.
In its sole assignment of error, appellant contends that the trial court erred in denying its motion for summary judgment and in granting appellee's motion. It argues that the assignment is invalid because the language is ambiguous as to the identity of the obliger and the rights being transferred. Even if we consider the language of the assignment to be ambiguous, the parties' past practice clearly indicates an intent that any insurance proceeds would be paid directly to appellee. Appellant never indicated in any way that it found the assignment to be ambiguous or that it ever attached a different meaning to the terms it now claims are ambiguous. See Cincinnati v. CincinnatiGaslight Coke Co. (1895), 53 Ohio St. 278, 41 N.E. 239, paragraph two of the syllabus; Hsu v. Parker (1996), 116 Ohio App.3d 629,632-633, 688 N.E.2d 1099, 1101-1102; Blosser v. Carter
(1990), 67 Ohio App.3d 215, 219, 586 N.E.2d 253, 255-256; Indus.Fabricators, Inc. v. Natl. Cash Register Corp. (Mar. 8, 1984), Franklin App. No. 83AP-13, unreported. Further, if appellant truly found the assignment to be ambiguous, it had an obligation to make inquiries rather than simply paying the proceeds to Motley in violation of the assignment. See Hsu, supra, at 633,688 N.E.2d at 1102; In re Apex Oil Co. (C.A.8, 1992), 975 F.2d 1365,1370.
The record clearly shows a valid assignment, of which appellant had actual notice. See Leber v. Buckeye Union Ins. Co.
(1997), 125 Ohio App.3d 321, 332-333, 708 N.E.2d 726, 733;Southern Floridabanc Savings Assn. of Amer. v. ProfessionalInvestments of Amer., Inc. (1991), 77 Ohio App.3d 435, 442-433,602 N.E.2d 677, 681-682; Grogan Chrysler-Plymouth, Inc. v.Gottfried (1978), 59 Ohio App.2d 91, 96, 392 N.E.2d 1283,1286-1287. Consequently, the payment by appellant directly to Motley violated the assignment, and appellant was liable to reimburse appellee in that amount. See First Bank of Marietta v.Roslovic Partners, Inc. (1999), 86 Ohio St.3d 116,712 N.E.2d 703, syllabus; Hsu, supra, at 633, 688 N.E.2d at 1101. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
 To the Clerk: