OPINION
This is an appeal from the Canton Municipal Court wherein the court granted judgment to appellee on the issue of damages to appellant's vehicle due to the failure of appellant to produce his certificate of title as evidence of ownership at trial.
The sole Assignment of Error is :
 I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF DEFENDANT IN AN ACTION FOR DAMAGES TO A MOTOR VEHICLE AS R.C. 4505.04(B) DOES NOT REQUIRE APPELLANT TO PRESENT CERTIFICATE OF TITLE TO PROVE OWNERSHIP OF THAT VEHICLE.
Revised Code § 4505.04, "Certificate of title as evidence of ownership; tort action by lessee", provides in relevant part:
 (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or delivered to the person a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
 (B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 (1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.21 of the Revised Code;
 (2) By admission in the pleadings or stipulation of the parties;
"* * *"
Appellant cites Ward v. Keller (Mar. 28, 1990), Delaware App. No. 89-CA-35, unreported, as support for his position that he was not required to present the certificate of title. Appellee claims that such case dealt with a small claims case and therefore is distinguishable from the present case. We find that because Ward v. Keller did deal with a small claims case this court never reached the issue of whether strict compliance with R.C. § 4505.04 was necessary.
Judge Glasser of the Court of Appeals, Sixth District, Lucas County inHardy v. Kreis, 1998WL352250 has so completely reviewed the historical evolution of the applicability of R.C. § 4505.04 to those cases such as the one sub judice, where ownership is not disputed, that his decision is worth quoting as it is determinative of this issue:
 "For years, this statute and its predecessor, G.C. 6290-4, were interpreted to require a motor vehicle owner to produce a certificate of title to prove ownership in actions arising from collisions as well as in replevin and title actions. Mielke v. Leeberson
(1948), 150 Ohio St. 258 (Under the plain and unambiguous language of the statute, a court cannot recognize the right, title, claim, or interest of any person in a motor vehicle in an action for property damage from collision unless the certificate of title is produced, and plaintiff's testimony alone regarding ownership is not sufficient without the certificate of title); Kelley Motors, Inc. v. Adams (1951), 91 Ohio App. 68, 107 N.E.2d 363 (statute requires plaintiff to produce a certificate of title in replevin action to assert any right, title, claim or interest in or to any motor vehicle); Kelley Kar Co. v. Finkler (1951), 155 Ohio St. 541, 99 N.E.2d 665 (in an action for replevin of an automobile, plaintiff must produce certificate of title); Takas v. Picklow
(1961), 178 N.E.2d 612, 92 Ohio Law Abs. 118 (in an action for damages to plaintiff's vehicle from a collision, plaintiff must produce the certificate of title to prove ownership in order to recover damages).
 However, a less restrictive interpretation began to evolve beginning with a decision from this court in 1978. This court examined the legislative purpose of the statute in Grogan Chrysler-Plymouth, Inc. v. Gottfried (1978), 59 Ohio App.2d 91, 392 N.E.2d 1283. In that case, a car dealership sued to recover damages from a prospective car buyer who was involved in an accident while test-driving one of the dealership's cars. The dealership changed its name after filing the complaint. This court held that R.C. 4505.04 did not apply where the plaintiff held certificate of title to an automobile damaged by the defendant tortfeasor at the time of trial but did not hold title on the date the damage was caused because the tortfeasor did not claim he, or any other person, had right or title to the automobile on the date of the accident or at the time of trial. Id., at paragraph two of the syllabus. This court determined that R.C. 4505.04 was intended to apply only to title and ownership disputes. "R.C. 4505.04 was intended to apply to litigation where the parties were rival claimants to title, i.e., ownership of the automobile; to contests between the alleged owner and lien claimants; to litigation between the owner holding the valid certificate of title and one holding a stolen forged or otherwise invalidly issued certificate of title, and to similar situations." Id. at 94, 392 N.E.2d 1283. To reach that decision, this court referred to the discussion of the legislative history of R.C. 4505.04's predecessor, as set forth in Kelley Car Co. v. Finkler, 155 Ohio St. at 545, 99 N.E.2d 665:
 "On April 29, 1921, the General Assembly passed an act entitled: `To Prevent Traffic in Stolen Cars, Require Registration and Bill of Sale to be Given in the Event of Sale or Change in Ownership of Motor Vehicles. * * * [U]ntil the act of April 28, 1937, title to a motor vehicle was evidence only by a bill of sale. There was no provision for certificates of title. Para. Because of their mobility and frequent change of ownership it was obviously necessary to create an instrument evidencing title which would more adequately protect innocent purchasers of motor vehicles. On April 28, 1937 * * *, the General Assembly passed an act entitled: "To Prevent the Importation of Stolen Motor Vehicles and Thefts and Frauds in the Transfer of Title to Motor Vehicles * * * *"
Four years later, the Supreme Court of Ohio determined that a certificate of title does not need to be produced to prove ownership of a vehicle as an element of the crime of theft of a motor vehicle. The Supreme Court, in dicta, adopted the rationale of GroganChrysler-Plymouth, supra, to reach that decision:
 "The reason for the statute is to determine what proof, i.e., certificate of title, should be required where a plaintiff is asserting some right pertaining to his allegedly owned automobile and defendant's defense or claim is based upon a claimed right, title or interest in the same automobile. The reason ceases when the defendant's defense is not based upon some claimed right, title, or interest in the same automobile." State v. Rhodes (1982), 2 Ohio St.3d 74, 75-76, 442 N.E.2d 1299 citing Grogan, 59 Ohio App.2d at 95, at fn. 4, 392 N.E.2d 1283.
Six years after that, the Ohio Supreme Court construed R.C. 4505.04 in the context of whether the Ohio Certificate of Title Act or Ohio Uniform Commercial Code should be used to identify the owner of a motor vehicle to determine insurance coverage in case of an accident. Smith v.Nationwide Mut. Ins. Co. (1988), 37 Ohio St.3d 150, 151-152,524 N.E.2d 507. The court concluded that Uniform Commercial Code provisions, not who could show proof of title, defined who bore the risk of loss. The Supreme Court observed that R.C. 4505.04 was relevant only to determine competing claims to a motor vehicle, such as ownership issues regarding importation of vehicles, rights between lienholders, rights of bona fide purchasers, and instruments evidencing title and ownership rights of motor vehicles. Id."
We agree with such erudite review, sustain the Assignment of Error, reverse the decision of the Canton Municipal Court and remand this cause to the trial court for proceedings in accordance with this decision.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is Reversed and Remanded. Costs to Appellee.
Hon. Julie A. Edwards, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.