DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Encompass Insurance Co. of America appeals from the judgment of the Akron Municipal Court. This Court reverses and remands.
 I {¶ 2} On May 30, 2006, Appellant Encompass Insurance Co. of America ("Encompass") brought an insurance subrogation action against Lee A. Reeder. Reeder was involved in a car accident with Melissa Ross on October 19, 2004. Reeder allegedly promised to pay for the damages to Ross' vehicle (the *Page 2 
"Chevrolet"), but Ross later discovered that Reeder was uninsured. David Ross, Melissa's husband and the owner of the damaged Chevrolet, filed a claim with his own insurance company, Encompass. After Encompass paid for the Chevrolet's repair it filed suit against Reeder to seek reimbursement.
 {¶ 3} In defense of Encompass' claim against him, Reeder contested ownership of the Chevrolet. During the September 28, 2006 trial, David Ross testified that he owned the Chevrolet, but Encompass never produced the title. In its May 16, 2007 decision, the trial court ruled in favor of Reeder solely because Encompass failed to produce the title as evidence of ownership. The trial court did not reach the merits of the case. Encompass has timely appealed from this judgment, raising one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF APPELLEE IN THAT APPELLANT ESTABLISHED OWNERSHIP OF THE MOTOR VEHICLE."
 {¶ 4} Encompass argues that the trial court improperly ruled in Reeder's favor after finding that Encompass had failed to prove ownership of the Chevrolet. Specifically, Encompass claims that oral testimony is sufficient to prove vehicle ownership and that it should not have been required to produce the Chevrolet's title in accordance with R.C. 4505.04. We agree. *Page 3 
 {¶ 5} R.C. 4505.04(B) provides in pertinent part as follows:
 "Subject to division (C) of this section, no court shall recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of, mortgaged or encumbered, unless evidenced:
 "(1) By a certificate of title, manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued * * *;
 "(2) By admission in the pleadings or stipulation of the parties[.]"
R.C. 4505.04 applies in civil cases where the parties assert rival or competing interests pertaining to a motor vehicle. State v. Rhodes
(1982), 2 Ohio St.3d 74, 75. "The reason for the statute is to determine what proof, i.e., certificate of title, should be required where a plaintiff is asserting some right pertaining to his allegedly owned automobile and defendant's defense or claim is based upon a claimed right, title or interest in the same automobile. The reason ceases when the defendant's defense is not based upon some claimed right, title, or interest in the same automobile." Id. at 75-76 quoting GroganChrysler-Plymouth, Inc. v. Gottfried, 59 Ohio App.2d 91, 95, fn. 4; see, also, State v. McDonald (July 10, 1985), 9th Dist. No. 12033, at *2 (holding that R.C. 4504.04 does not require the prosecution to produce title to a motor vehicle when prosecuting a defendant for the vehicle's theft).
 {¶ 6} In the case at hand, Reeder's defense was not based on a competing right, title, or interest in Ross' Chevrolet. Encompass' case revolved around a car accident and a tort claim based on Reeder's alleged negligence in that accident. *Page 4 
R.C. 4505.04 is not meant to protect a tortfeasor from liability when no legitimate dispute about title exists. Hardy v. Kreis (June 26, 1998), 6th Dist. No. L-97-1352, at *7. Unless there is a genuine issue that falls under the purview of the statute, "production of a certificate of title is not the only evidence which may be used to establish ownership." Id. (finding oral testimony sufficient to establish ownership in a tort case arising out of a vehicle collision). Consequently, Encompass satisfied any question as to ownership when David Ross orally testified at trial that he owned the Chevrolet.
 {¶ 7} Encompass' sole assignment of error is sustained. Since the trial court decided this case solely on its interpretation of R.C.4505.04, we remand so that the court may issue a decision on the merits.
 III {¶ 8} Encompass' sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and remanded for findings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into *Page 5 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARR, J. CONCURS.